UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CHANEY K. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-370 |
| | ) | |
| BEN HILL COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

*Pro se* plaintiff Chaney K. Lewis, a prisoner at Wheeler Correctional Facility, *see* doc. 1 at 12, has filed this 42 U.S.C. § 1983 case apparently alleging that he is innocent of unspecified criminal charges in 2016. *See id.* at 4-5. He also alleges that "[o]n Jan. 16, 2023[, he] was stabbed eleven times while false [sic] imprisoned."[1] *Id.* at 5. However, the apparent focus of his claims is the "false imprisonment," presumably by some agency of the Defendant. *See id.* (seeking damages calculated

---

[1] Although it is not clear from Lewis' Complaint, the Court infers that he was stabbed at Wheeler Correctional Facility, where he is incarcerated, or perhaps at an unspecified facility in Ware County. *See* doc. 1 at 2, 11. To the extent that he asserts some claim based on the alleged stabbing, the proper venue for such a claim would be either this Court's Dublin Division, where Wheeler County is located, or Waycross Division, where Ware County is located. *See* 28 U.S.C. § 90(c)(2), (4). Since Lewis' claim for relief appears limited to his "false imprisonment," allegedly perpetrated by Defendant, the proper venue for a claim arising from that incident is irrelevant.

1

"per year false imprisoned"). He failed to either pay the filing fee or move to proceed *in forma pauperis*. Doc. 2. Since it is clear that this Court is not the proper venue for his claims, this case will be transferred. The issue of his filing fee will be resolved by the transferee court. *Cf., White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020) (failure to pay the required filing fee is not a jurisdictional defect).

Ben Hill County, Georgia, the named defendant and—the Court presumes—the location for the events leading to the alleged "false imprisonment," lies in the Middle District of Georgia. *See* 28 U.S.C. § 90(b)(4). As Lewis' allegations concern events that occurred exclusively in another district, the proper forum for this case is the United States District Court for the Middle District of Georgia. 28 U.S.C. §1391(b) (venue); 28 U.S.C. § 1406 (district courts may dismiss or transfer cases suffering venue defects); *see also, e.g., Collins v. Hagel*, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015) ("A district court may raise the issue of defective venue *sua sponte*.").

Accordingly, the Clerk is **DIRECTED** to transfer this case to the Middle District of Georgia for all further proceedings.

**SO ORDERED,** this 27th day of December, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA